# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

IN RE:

CASE NO.: 3:11-bk-04617-PMG

**Stephen E. Rhynehardt    and**     CHAPTER 13

**Brenda M. Rhynehardt,**
     **Debtors'**

_____

## THIRD AMENDED CHAPTER 13 PLAN

The Debtors' hereby submits the following Chapter 13 Plan:

 1. The future earnings of the Debtors' are submitted to the supervision and control of the Bankruptcy Court, and the Debtors' shall pay to the Trustee the sum of **$2,365.00** in months 1-5 and **$2,430.00** in months 6-60

 2. From the payments so received, the Trustee shall make disbursements as follows:

  A. **PRIORITY CLAIMS**:

   (1) The fees and expenses of the Trustee shall be paid over the life of the Plan at the rate of ten percent (10%) of the amount of all payments under the Plan.

   (2) **Sacks & Sacks, P.A**. has a priority claim in the amount of $2,200.00 for unpaid attorney fees. The Trustee shall make a payment of $600.00 in months 1-4 until paid in full, with no interest, in order to satisfy this obligation.

   (3) The trustee shall pay **Sacks & Sacks, P.A**., the sum of $25.00 per month as an administrative expense in months one 1 – 60.

(4) **BAKER COUNTY TAX COLLECTOR,** has a priority claim in the amount of $1,589.86, for unpaid 2011 property taxes. The trustee shall pay this creditor the sum of $1,686.67, which includes 18% per annum simple interest, with monthly payments in the amount of $259.00 in months 16-22 until paid in full satisfaction of this debt obligation.

B. **SECURED CLAIM**

(1) **WELLS FARGO BANK NV,** holds a first mortgage on Debtors' homestead property located at 7461 W. Washington Street, Glen St. Mary, FL 32040. The Trustee shall pay said creditor the regular monthly mortgage payments in the amount of $957.43 over the life of the plan, subject to periodic changes in accordance with variations in the prevailing discount rate and /or potential escrow advances paid by this secured creditor. The Debtors' are in arrears to this creditor in the amount of $6,309.62 which includes late charges, reasonable pre-petition attorney's fees and costs. The Debtors' propose to cure defaults to this creditor by means of monthly payments by the trustee for the total sum of $6,309.62 with monthly payments in the amount of $300.00 in months 23-37, and the sum of $800.00 in months 38-40 until paid in full satisfaction of this debt obligation. The first regular monthly payment due after completion of this Plan shall be the July 2016 payment.

(3) **HSBC,** holds a lien in the debtors' 2007 Yamaha Motorcycle in the amount of $16,739.00; however, the debtors estimate that the value of the collateral is $3,027.00, based on its age and condition. The Debtors' will bring a Motion pursuant to 11 U.S.C. Section 506 for the purpose of requesting that this Court determine the value of the Collateral is $3,027.00, and that as a consequence, HSBC shall

have an allowed secured claim in the amount of $3,027.00, with the remaining balance to be allowed as a general unsecured claim for purposes of distribution through this Chapter 13 plan. The Trustee shall pay this creditor the sum of $3,153.38 which includes 5.5% per annum simple interest, with monthly payments in the amount of $100.00 in months 1-3, and $250.00 in months 4-15 until paid in full satisfaction of this debt obligation.

   (4) **WORLD OMNI FINANCIAL,** holds a lien in the debtors' 2008 Toyota Tacoma, in the amount of $16,056.91. The Trustee shall pay this creditor the sum of $17,369.04, which includes 5.5% per annum simple interest, with monthly payments in the amount of $150.00 in months 1-4, and the sum of $511.07 in months 5-37 until paid in full satisfaction of this debt obligation.

   (5) **WORLD OMNI FINANCIAL,** holds a lien in the debtors' 2008 Toyota Camry, in the amount of $21,497.96. However, the Debtors' estimate that the value of the collateral is $16,175.00, based on its age and condition. The Debtors' have brought a Motion pursuant to 11 U.S.C. Section 506 for the purpose of requesting that this Court determine the value of the Collateral is $16,175.00, and that as a consequence, World Omni Financial shall have an allowed secured claim in the amount of $16,175.00, with the remaining balance to be allowed as a general unsecured claim for purposes of distribution through this Chapter 13 plan. The Trustee shall pay this creditor the sum of $18,456.83, which includes 5.5% per annum simple interest, with monthly payments in the amount of $150.00 in months 1-4, and the sum of $333.39 in months 5-58 until paid in full satisfaction of this debt obligation.

  C. **UNSECURED CLAIMS**

1. The trustee shall distribute all remaining sums pro rata among those unsecured creditors whose claims are timely filed and allowed, including secured creditors who have deficiency claims or whose liens have been voided.

2. The value as of the date of the filing of the plan of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtors was liquidated under Chapter 7 of the Bankruptcy code on such date.

3. Any creditor's claim filed after the bar date (or 180 days from the date of debtor's filing for governmental units) will receive no distribution under this plan unless specifically provided for above or unless debtor files the same on behalf of a creditor.

4. All creditors shall retain their liens to the extent permitted by 11 U.S.C. Sec. 506(d).

5. To satisfy the requirements of Section 365 of the Bankruptcy Code, debtor hereby expressly assumes all of his leases and executory contracts in which he is now a party and no lease or executory in which he is now a party and no lease or executory contract entered into by debtor is being rejected.

6. Title to debtor's property shall re-vest in the debtor upon confirmation of this plan.

7. Except as provided for in the plan, the order confirming plan or other court order, no interest, late charges, penalties or attorney's fees will be paid or accessible by any creditor.  11 U.S.C. Section 1327(a) provides:

"The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan."

8. Once the debtor successfully completes the Chapter 13 plan and a discharge is entered by the Court, NO CREDITOR WILL BE ALLOWED TO ADD LATE CHARGES, PENALTIES, INTEREST OR ATTORNEY'S FEES FROM THE BEGINNING OF TIME THROUGH THE DATE OF DISCHARGE, with the exception of federally guaranteed/non-dischargeable student loans.

9. Debtor shall keep the collateral which secures any debt paid under this plan insured as provided for in the agreement between the Debtor and creditor.

10. Debtor will have thirty days after claims bar date to file any Motions or Objections to the claims that were timely filed. Any Order Confirming or Modifying the Plan will not be res judicator as to any Motions or Objections to timely filed claims brought pursuant to this paragraph.

DATED this 22nd day of September, 2011.

SACKS & SACKS, P.A.

 /S/ Melanie J. Sacks, Esquire
Melanie J. Sacks, Esquire
1646 Emerson Street, Suite B
Jacksonville, FL 32207
Florida Bar Number: 0158070
(904) 396-5557
(904) 399-5467 – facsimile
Melanie@sacksandsackslaw.com